# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| ROBERT PROVOST | CIVIL ACTION |
|---|---|
| VERSUS | NO: 08-1635 |
| LLOG EXPLORATION COMPANY, LLC AND WALTER OIL & GAS CORPORATION | SECTION: "C" (1) |

## ORDER AND REASONS[1]

Before the Court is an opposed Motion for Summary Judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure, by defendant Walter Oil & Gas Corporation, arguing that there is no genuine dispute as to any material fact and that Defendant is entitled to judgment. Rec. Doc. 48. The motion for summary judgment is denied for the following reasons.

## I. BACKGROUND

Plaintiff Robert Provost filed this action in the Eastern District of Louisiana against LLOG Exploration Company LLC and Walter Oil & Gas Corporation after an accident occurred while he was working for Performance Energy Services, LLC ("Performance") as a sand blaster and painter. Rec. Doc. 51 at 1. On March 31, 2008 plaintiff alleges he was employed by Performance and was working on the Grand Isle 115, a fixed platform in the Gulf of Mexico, owned by Discovery Producer Services, LLC ("Discovery"). *Id.* LLOG Exploration Company, LLC ("LLOG") owned and operated equipment aboard the Grand Isle 115 and Walter Oil & Gas

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this opinion.

Corporation ("Walter") leased part of Grand Isle 115. *Id*. Wood Group Production Services, Inc. ("Wood Group") had a contract with LLOG to maintain and operate LLOG's equipment aboard the Grand Isle 115. *Id*. at 1-2. Walter contracted with Island Operating Company ("Island") to maintain its equipment and production. Rec. Doc. 48-2 at 4.

The day of the accident, Mr. Provost alleges he had been taking his work orders from Performance supervisor, David Pierce. *Id*. at 2. The morning of the accident there was a safety meeting at 6:00 AM. *Id*. Mr. Provost claims that at this safety meeting, he was told that all the liquid had been drained out of every last pipe and all the pressure had been bled to zero. Rec. Doc. 51-3 at 20. Before he began to work on his assignment to break down flanges, Mr. Provost claims he checked the gauges and they showed zero. *Id*. at 32. A pressurized pipe blew up, and following the accident, Mr. Provost stated that he went to the computer room to tell a production operator what happened. Rec. Doc. 51 at 3.

## II. LAW & ANALYSIS

Rule 56 of the Federal Rules of Civil Procedure allows a party to move for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When a motion for summary judgment is made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id*.

In *Celotex Corp. v. Catrett*, the Court clarified that "the plain language of Rule 56(c)

2

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. 317, 106 S.Ct. 2548 (1986). The burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), by "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990), by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The evidence required of the nonmoving party does not have to be "in a form that would be admissible at trial," but must simply be "any of the kinds of evidentiary materials listed in Rule 56(c)." *Celotex*, 477 U.S. 317, 324, 106 S.Ct.2548 (1986). Rule 56(c) allows pleadings, discovery, disclosure materials, and affidavits. Fed.R.Civ.P. 56(c).

Walter argues in its memorandum that there is no genuine dispute as to any material fact. Rec. Doc. 48 at 1. It alleges that "Walter had no employees on Grand Isle 115 on the accident date." Rec. Doc. 48-2 at 4. It explained that "Walter contracted with Island Operating Company to maintain its equipment and production on Grand Isle 115" and that on the day of the accident, Mr. Robichaux, an employee of Island, was working as lead operator, pursuant to Walter's contract with Island. *Id*. Walter also submitted an affidavit by Jack Horton, who testified that he is employed as an engineer by Walter and that on the date of the accident Walter did not have any employees on Grand Isle 115. Rec. Doc. 48-4 at 1-2. Additionally, Walter submitted a Master Service Agreement between Walter and Island Operating Company, showing that Island

3

was an independent contractor. Rec. Doc. 48-5 at 1-3. Plaintiff Robert Provost submitted a memorandum in opposition to defendant's motion for summary judgment, alleging that an operator from Walter sat in on the 6 AM safety meeting and told Provost's supervisor that "all the liquids had been drained out and all the pressure had been bled down to zero." Rec. Doc. 51 at 2. Walter insisted, however, that "no Walter employee attended the safety meeting when plaintiff allegedly heard someone say that the line had been depressurized, because no one from Walter was present on Grand Isle 115 on the accident date." Rec. Doc. 48-2 at 5. It continued and alleged that "Mr. Robichaux's testimony leaves no doubt that he was employed by Island, not Walter." *Id*.

Both parties submitted evidence with contradictory statements. The Fifth Circuit has said that the Court is to "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Com.*, 37 F.3d 1069, 1075 (5th cir. 1994)(en banc). The Fifth Circuit explained in another case that "a sufficient showing cannot rest on mere allegations or denials in the pleadings, but must set forth specific facts that establish an issue for trial." *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987) (internal quotations omitted). After those reasonable inferences are made, there is an issue of material fact only if a rational trier of fact could find for the non-moving party. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir.1999). The Plaintiff submitted sworn deposition testimony in which he alleges that there was a Walter employee on Grand Isle 115 on the day of the accident. Rec. Doc. 51-3 at 24. In *Keller v. Dravo Corp.*, 441 F.2d 1239, 1245 (5th cir. 1971), the Court said that the clear intent of Rule 56(e) is to "permit affidavits to pierce the

4

allegations in an opponent's pleadings and to require him to come forward with counter-proof in order to show genuine issues of fact." *Id*. at 1245. District judges are reminded "not to invade the role of the jury: credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [...] The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987). Additionally, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The evidence before the Court is sufficient to demonstrate a genuine issue of material fact.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment is DENIED.

New Orleans, Louisiana, this 17th day of August, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**